UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELA S. BIANCO,

                              Plaintiff(s),                  ORDER
                                                                    CV 16-444 (JMA) (AYS)

       -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, DETECTIVE
GENNARO DESTEFANO, LIEUTENANT
VINCENT G. BODEN, NASSAU COUNTY
POLICE DEPARTMENT JOHN
AND JANE DOES 1-10
                              Defendant(s).
------------------------------------------------------------X

**ANNE Y. SHIELDS**, Magistrate Judge:

Presently before the Court is a letter by Plaintiff in response to this Court's Order dated May 8, 2017 (the "May 8 Order"). Docket Entry ("DE") 34. Plaintiff has categorized the letter as a reply to Defendant's opposition to her letter motion for discovery. As this Court had already denied the motion, the Court construes Plaintiff's letter as a motion seeking reconsideration of the Court's May 8 Order. For the reasons set forth below, the motion is denied.

BACKGROUND

I.       The Parties and Plaintiff's Claims

      Plaintiff Angela S. Bianco ("Plaintiff") commenced this action on January 27, 2016, asserting claims pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, and Fourteenth Amendments to the United States Constitution, Due Process, and the Constitution and laws of the State of New York. DE 1. Named as Defendants are the County of Nassau, ("Nassau County"), the Nassau County Police Department, Detective Gennaro DeStefano, Lieutenant Vincent G. Boden, and John and Jane Does 1-10. DE 1. Plaintiff claims, inter alia, that she was falsely arrested and imprisoned. DE 1.

1

II.　Prior Proceedings

　　A.　Proceedings While Plaintiff Was Represented by Counsel

An initial conference was held before the District Court on March 31, 2016. At that conference the District Court scheduled a settlement conference for May 10, 2016. DE 12. After holding that conference, the District court scheduled a second settlement conference for June 15, 2016, and a third such conference for July 20, 2016. DE 13; 14. When the case did not settle the case was referred to this Court to enter a discovery schedule.

This Court held an initial discovery conference on August 24, 2016. In an order dated August 24, 2016, this Court entered a detailed discovery schedule directing, inter alia, that Plaintiff provide information as to her damages claims, and that the depositions of the Plaintiff and the two arresting officers be taken by October 24, 2016. DE 18. Counsel were direct to submit a joint status letter to this Court on October 31, 2016. Id. In a letter dated October 21, 2016, counsel for both parties requested to extend the time for the taking of the aforementioned depositions to November 11, 2016 and to end the time to submit a status letter to November 25, 2016. DE 20. This Court granted that request in an order dated October 26, 2016. See Electronic Order dated October 26, 2016. That order also extended the time in which to file a joint status letter to November 25, 2016. Id.

　　B.　Proceedings Following Withdrawal of Plaintiff's Counsel

On November 4, 2016, Plaintiff's counsel moved to withdraw from his representation of Plaintiff. DE 21. The District Court granted the motion, and stayed discovery for a period of thirty days in which to give Plaintiff an opportunity to obtain new counsel. See Order dated November 14, 2017. On December 9, 2017, Plaintiff requested an additional sixty days in which "to either remove [herself] form the lawsuit or attain a new attorney." DE 22. On February 16,

2017, the District Court scheduled an in-person status conference for February 23, 2017. See Scheduling Order dated February 16, 2017. In a fax sent from Plaintiff to this Court's pro se office on that same date, Plaintiff asked that her contact information be updated to reflect her address, telephone number and email address. DE 23.

The District Court held the scheduled status conference on February 23, 2017, at which time it scheduled a further conference for May 23, 2016. See Minute Order dated February 23, 2017, DE 25. That Court informed Plaintiff that if she was going to be represented, counsel must appear at the May conference. On March 20, 2017, Plaintiff filed a request for an extension of time to the discovery plan and/or a status conference. DE 26. On March 23, 2017, the District Court held a status conference, at which time it was determined that Plaintiff will be proceeding pro se. DE 27. The Court further referred discovery to this Court. Id. On that same date, this Court issued an order scheduling in person discovery conference on April 26, 2017. See Electronic Order dated Mach 23, 2017.

On April 26, 2017, this Court held a status conference. DE 31. During the conference, this Court advised Plaintiff that she must familiarize herself with the Federal and Local Rules. The Court further directed Plaintiff to inform Defendant if she is claiming medical damages, and if so, to provide Defendant with appropriate authorizations by May 3, 2017. Defendant was informed that by May 3, 2017, it must email names of all officers who were at Plaintiff's house when she was arrested. During the conference, the parties conferred and presented this Court with a proposed discovery schedule, which was so ordered. DE 30. That schedule outlines the dates when all phases of discovery must be complete. Specifically, and relevant to the Plaintiff's motion, the schedule sets the date for completion of initial disclosure pursuant to Rule 26(a) of

3

the Federal Rules of Civil Procedure, as May 3, 2017, the date for completion for Phase I Discovery as May 23, 2017, and the date to complete depositions as June 23, 2017. DE 30.

DISCUSSION

I. The Present Motion is Denied

On April 28, 2017, Plaintiff filed a motion for discovery. DE 32. In her motion, Plaintiff requested that the Court issue additional "directives upon the defendants within the schedule order in order to initiate depositions in a timely manner." DE 32. The motion further listed various discovery Plaintiff was seeking from Defendants, and informed the Court that she had made multiple requests to the County Attorney. Id. On May 5, 2017, the County responded to the motion. DE 33. Specifically, the County opposed the motion on the basis that Plaintiff had "not addressed [the] matters except to the extent of having sent emails while discovery was stayed while she sought new counsel." Id. The County informed the Court that "[n]ow that an Initial Conference has been conducted and it has finally been determined that Ms. Bianco will be proceeding pro se, [defense counsel] will make every effort to respond to her requests per the initial conference order." Id.

On May 8, 2017, this Court denied Plaintiff's motion for discovery without prejudice to renewal. See Electronic Order dated May 8, 2017. In its order, this Court specifically stated that the "[p]arties are directed to comply with the discovery scheduling order set forth under Docket Entry 30. To the extent that discovery disputes remain, Pro Se Plaintiff and Counsel for Defendants are directed to undertake a good faith effort to resolve such disputes without court intervention. In the event that either party files a motion regarding a discovery dispute, the motion must set forth what steps the parties undertook to resolve the discovery dispute prior to seeking court intervention." Id.

Instead of complying with this Court's order, Plaintiff filed a reply to Defendant's response. In her response, Plaintiff incorrectly contends that she was entitled to a two day period in which to reply to Defendants' response before the Court issued a ruling on her discovery motion. In support of her contention, she cites to Local Civil Rule 6.1. However, as a review of Local Rule 6.1 reveals, that rule is inapplicable to letter motions. Indeed, Rule 6.1 makes clear that it applies to motions "[e]xcept for letter-motions as permitted by Local Rule 7.1(d), and unless otherwise provided by statute or rule, or by the Court in a Judge's Individual Practice or in a direction in a particular case. . . ." E.D.N.Y. Local Civ. Rule 6.1. Indeed, Local Rule 37.3 dictates the mode of raising discovery and other non-dispositive disputes. Rule 37.3 requires that "prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)." Local Civ. Rule 37.3(a). The rule further dictates that parties may file a letter motion if they are unable to agree on a discovery dispute after conferring in good faith. Local Civ. Rule 37.3(c). In such cases the parties "shall notify the Court by a letter not exceeding three pages, [and] . . . . [w]ithin four days of receiving such a letter, any opposing affected party [] may submit a responsive letter not exceeding three pages . . . ." Local Civ. Rule 37.3(a). The rule does not allow for a reply to the response.

Furthermore, this Court's Individual Practice Rules demand that parties "undertake a good faith effort to resolve any discovery disputes," and where they cannot agree, they must initiate a conference call with the Court. See Individual Practice Rules VI.C. Indeed, this Court's rules specifically state that "[a]ttorneys may not bring a discovery motion before the court, either by way of motion or letter, unless authorized to do so after the telephone conference is held." Id.

For the foregoing reasons, Plaintiff was not permitted to file a reply to Defendants' response. In light of Plaintiff's pro se status and in the interests of justice, the Court will exercise the discretion to construe her reply, DE 34, to be a motion for reconsideration of the Court's order denying Plaintiff's motion to compel discovery.

II.     Motions for Reconsideration

    A.     Legal Standard

Motions for reconsideration are properly granted if there is a showing of "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted); Almonte v. City of Long Beach, 2005 WL 1971014, at *2-3 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001WL 175239, at *1 (N.D.N.Y. 2001) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995)). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014, at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014, at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).

    B.     The Motion for Reconsideration is Denied

Plaintiff has failed to point to "an intervening change in controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest injustice" that would warrant her motion to compel to be granted. Virgin Atlantic, 956 F.2d at 1255. Indeed, her letter cites to the wrong local rule, ignores the Court's Individual Rules, and inappropriately continues to argue for discovery without setting forth what steps were taken to confer with defense counsel prior to seeking court intervention. Accordingly, the Court denies Plaintiffs motion to reconsider, and adheres to its original order.

III.     Plaintiff's Additional Requests

For purposes of clarity, the court addresses additional request set forth in Plaintiff's motion. First, Plaintiff makes reference to relief sought from "Part 9" which is presumably a part in New York State Court. It appears that Plaintiff seeks to have this Court send her case back to "intervene and send the case back to part 9" of the Mineola Court. This Court does not have authority to grant or deny such a request.

As to any remaining discussions of outstanding discovery, this Court reminds Plaintiff of her responsibility to comply with this Court's scheduling order.  In particular, if Plaintiff is claiming medical damages, she must provide Defendant with appropriate authorizations as discussed on the record of the proceedings herein. To the extent that Plaintiff does not seek such particular damages, she need not produce medical authorizations. To be clear, if Plaintiff intends, at trial, to present evidence as to particular medical or mental health damages suffered, she must provide discovery of those records to the Defendants.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion filed as Docket No. 34, is denied. Plaintiff is again reminded that she must familiarize herself with the Federal Rules, this Court's rules, and the Local Rules of this Court and make every effort to coordinate discovery with

opposing counsel so that this matter can proceed. In particular the parties are directed to work together, via email or telephone, to comply with the Court's scheduling order, which was so ordered under Docket No. 30.

SO ORDERED

Dated: Central Islip, New York
       May 12, 2017

                                                  /s/ Anne Y. Shields
                                                  ANNE Y. SHIELDS
                                                  United States Magistrate Judge