UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELA S. BIANCO,

                        Plaintiff,

    -against-                                   **ORDER**
                                                         16-CV-444 (JMA)(AYS)

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, DETECTIVE GENNARO
DESTEFANO, LIEUTENANT VINCENT G. BODEN,
NASSAU COUNTY POLICE DEPARTMENT JOHN
AND JANE DOES 1-10

                        Defendants.
------------------------------------------------------------X

**SHIELDS, ANNE Y., United States Magistrate Judge:**

Plaintiff, Angela Bianco ("Plaintiff"), commenced this action on January 27, 2016, asserting claims for false arrest and false imprisonment pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York. (Docket Entry ("DE") [1].) Despite stating on the record at the status conference held before this Court on July 30, 2018 that she would be discontinuing this litigation, it appears Plaintiff is instead choosing to continue this action, as is her right.

Presently before the Court is Plaintiff's motion for reconsideration of the rulings placed on the record during the July 30, 2018 status conference, in which the Court denied Plaintiff's motion to amend her Complaint and her motion for an extension of time to complete discovery. (DE [100].) Plaintiff further seeks reconsideration of the Court's electronic Order dated July 31, 2018, in which the Court granted Defendants' motion for a protective order based on Plaintiff's failure to oppose the motion. For the following reasons, the Court grants Plaintiff's motion for reconsideration and, upon reconsideration, amends and clarifies its Orders as to the Amended Complaint but otherwise adheres to its prior rulings.

1

Plaintiff correctly argues in her motion for reconsideration that she was already permitted to amend her Complaint by Order of this Court dated March 6, 2018. (DE [73].) However, upon reconsideration, the Court vacates that prior Order to the extent that it granted Plaintiff's motion to amend her Complaint and allowed her to proceed on a complaint in excess of 500 pages. The initial Complaint filed by Plaintiff's former counsel is more than sufficient to serve as the operative pleading in this action. It sets forth, in clear and concise language, the legal causes of action upon which this case has proceeded – false arrest and false imprisonment. Plaintiff's applications to amend her Complaint serve only to confuse the issues in this action in that she seeks to incorporate in her Complaint numerous pieces of evidence that neither comply with Federal Rule of Civil Procedure 8 nor properly belong in a Complaint. Rather, as the Court advised Plaintiff at the status conference held on July 30, 2018, she may seek to introduce at trial all of the evidence that she requests be included in her Complaint. However, to the extent Plaintiff seeks to add Massaro and Yao as defendants to this action, that request is granted. Accordingly, the Court grants Plaintiff's motion for reconsideration and, upon reconsideration, deems Defendants Massaro and Yao incorporated in to the initial Complaint,[1] which shall serve as the operative pleading in this action.

With respect to Plaintiff's request to extend the time to complete discovery in this action, the Court adheres to its prior ruling. This action commenced in January 2016. More than sufficient time has elapsed to conduct discovery and Plaintiff has availed herself of that time by, inter alia, taking numerous depositions. As of July 9, 2018, discovery in this action closed. The Court finds no basis to reopen or extend it.

---

[1] Defendants represented at the status conference held on July 30, 2018 that they do not object to the addition of Massaro and Yao as defendants herein.

Finally, with respect to Plaintiff's request for reconsideration of the Order dated July 31, 2018, granting Defendants' request for a protective order, the Court again adheres to its prior ruling. Putting aside Plaintiff's failure to oppose the motion, as Defendants point out, Plaintiff served her subpoena directly on a represented party, in violation of the Federal Rules of Civil Procedure. Moreover, given that discovery is now closed, the Court finds no basis to vacate its prior ruling granting the protective order. Once a trial date is set in this action, Plaintiff is always free to serve trial subpoenae on those persons she seeks to have testify.

Based on the foregoing, Plaintiff's motion for reconsideration is granted, and upon reconsideration, the Court amends, clarifies, and adheres to its prior rulings in that (1) Plaintiff's motion to amend her Complaint is denied, with the exception that Massaro and Yao are deemed incorporated as defendants in the initial Complaint, which shall serve as the operative pleading herein; (2) Plaintiff's request to extend discovery is denied; and (3) Defendants' motion for a protective order is granted. The parties are directed to file a joint pre-trial order, consistent with Judge Azrack's Individual Rules, by September 10, 2018.

**SO ORDERED:**

Dated: Central Islip, New York
August 9, 2018

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge