UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ANGELA S. BIANCO,

            Plaintiff,

    -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, DETECTIVE
GENNARO DESTEFANO, LIEUTENANT
VINCENT G. BODEN, NASSAU COUNTY
POLICE DEPARTMENT JOHN AND JANE
DOES 1-10

            Defendants.
--------------------------------------------------------------X

**ORDER**
2:16-CV-00444 (JMA) (AYS)

**FILED**
**CLERK**

11/8/2018 4:52 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On September 12, 2018, pro se Plaintiff Angela Bianco notified Magistrate Judge Shields that she would discontinue this action if she were not permitted to amend her complaint. (See Sept. 12, 2018 Scheduling Order re ECF No. 110 Letter). Magistrate Judge Shields denied Plaintiff's motion to amend her complaint and directed Plaintiff to execute and submit a stipulation of dismissal, signed by both Plaintiff and counsel for Defendants, to the Court within thirty days. (Id.)

Since then, the parties exchanged a series of emails and telephone calls regarding the stipulation but have not agreed upon the language to be included. Specifically, it appears that Plaintiff is concerned that, if she agrees to discontinue this action, the second sentence of Federal Rule of Civil Procedure 41(a)(1)(B) would bar her from commencing a subsequent action in state court. (See Response to Motion for Extension of Time to File Stipulation of Discontinuance without Prejudice, ECF No. 118).

Rule 41(a) provides:

(a) VOLUNTARY DISMISSAL

(1) *By the Plaintiff*

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

On October 10, 2018, Plaintiff filed a motion for an extension of time to file the stipulation in order to resolve her concern. (Motion for Extension of Time to File Stipulation of Discontinuance without Prejudice, ECF No. 117). While Defendants do not object to Plaintiff's request, they ask the Court to dismiss the action by Court Order pursuant to Rule 41(a)(2) given Plaintiff's repeated requests to discontinue. (Response to Motion for Extension of Time to File Stipulation of Discontinuance without Prejudice, ECF No. 118).

Based upon Plaintiff's previous requests to dismiss this action, the Court hereby dismisses this action pursuant to Rule 41(a)(2) without prejudice and without costs and attorney's fees to either party. This addresses Plaintiff's concern that the second sentence of Rule 41(a)(1)(B) precludes her from commencing a subsequent action because the Court is dismissing the action pursuant to Rule 41(a)(2), not pursuant to Rule 41(a)(1)(B).

The Clerk of the Court is directed to close the case and mail a copy of this Order to pro se Plaintiff Angela Bianco.

**SO ORDERED.**

Date: November 8, 2018
      Central Islip, New York

      /s/ (JMA)
Joan M. Azrack
United States District Judge